Argued and submitted July 9, 1993, reversed and remanded February 9, 1994

Harold D. BOHM,
*Appellant,*

*v.*

OREGON INSTITUTE OF TECHNOLOGY,
*Respondent.*

(9101783CV; CA A76069)

868 P2d 1344

Darris K. Rowell argued the cause for appellant. With him on the brief was Olson, Rowell & Walsh.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Plaintiff appeals from a judgment for defendant Oregon Institute of Technology (OIT) in his action for breach of an employment contract arising out of OIT's alleged failure and refusal to consider him eligible for promotion and salary increases. He contends that the trial court erred as a matter of law in granting summary judgment to OIT on the ground that his cause of action accrued more than six years before the filing of the complaint and was therefore barred by the statute of limitations.

The record on summary judgment shows that, in 1976, OIT hired plaintiff as a lab instructor in the Diesel Power Technology Department. In January, 1980, plaintiff met with OIT Dean of Academic Affairs William Smith, who informed him that "his prospects for promotion or tenure at OIT [were] dismal unless he complet[ed] at least the baccalaureate degree." In June, 1982, and April, 1983, respectively, plaintiff received his bachelor's and master's degrees from Columbia Pacific University, an unaccredited correspondence school.

In March, 1984, plaintiff received notice that OIT would not consider him for promotion for the 1984-85 academic year. In April, 1985, plaintiff received notice that OIT would not consider him for promotion for the 1985-86 academic year. He complained about his salary level in April, 1985. In each subsequent year, OIT considered plaintiff not eligible for promotion, and he continued to be employed as a lab instructor. Plaintiff commenced this action for breach of contract in 1991.

Defendant moved for summary judgment on the ground that defendant's breach, if any, occurred before June 3, 1985, which is six years before the filing of the complaint. In his affidavit in opposition to defendant's motion, plaintiff said:

"Since at least 1981, the Diesel Power Technology Promotion Committee met to evaluate the Diesel Power Technology faculty, including myself, and to consider such matters as promotions and reappointments. As a member of the Diesel Power Technology faculty, my eligibility for promotions was therefore considered on an annual basis. However, although I actively sought promotions in rank and

salary, on each occasion I was considered not eligible for promotion based on the decision of [OIT] not to recognize my Bachelor and Master degrees because they were obtained from an institution that was not 'accredited.'

"* * * * *

"From the time that I obtained my Bachelor and Master degrees from Columbia Pacific University in 1982, I have assumed that OIT would comply with and was legally obligated to comply with the Board of Higher Education Administrative Rules and its own written policies which do not distinguish between degrees from 'accredited' institutions. and degrees from institutions which are not accredited. This understanding was annually confirmed by the Notice of Appointments which I received each year and which state that: 'All appointments are made subject to the provisions of the Board of Higher Education Administration Rules, including but not restricted to those related to tenure, termination of employment and patent policy.'

"It was based on this understanding and knowledge that I regularly sought promotions in rank and salary during the past six years. On each occasion I believed that OIT had no choice but to consider me for promotion because they had a legal obligation to do so and on each occasion OIT breached its contractual and legal obligation to consider me for promotions in rank and salary."

Plaintiff's affidavit demonstrates that, at least since 1982, he has been aware that OIT regarded the fact that plaintiff's degrees are from an unaccredited institution as an impediment to his promotion, but that he assumed that each year his eligibility for promotion would be reconsidered.

The trial court ruled that the action was untimely under ORS 12.080(1), because it was brought more than six years after the breach of the contract. Relying on our opinion in *Alderson v. State of Oregon*, 105 Or App 574, 806 P2d 142 (1991), plaintiff contends that OIT breached its agreement with plaintiff each time it denied him promotion and that the statute of limitations begins to run separately from each breach. Accordingly, any breach that occurred within the six years preceding the commencement of this claim is actionable. OIT contends that the record on summary judgment shows that any alleged breach and injury occurred when OIT

first rejected plaintiff for promotion in 1983, and that plaintiff's hope that OIT might in subsequent years reconsider its decision not to promote him cannot provide a basis for extending the statute of limitations.

In *Alderson*, the plaintiffs, who were district court judges, brought an action for declaratory relief and damages against the State Court Administrator and the Public Employes Retirement System, contending that the latter had wrongfully withheld retirement contributions from the plaintiffs' monthly paychecks, instead of paying the contributions. The defendants contended that the action was barred, because the alleged breach occurred when the initial decision was made to deduct payments from the plaintiffs' checks. In response, the plaintiffs asserted that the misconduct was continuing, that each deduction from their salaries was separately actionable, and that the statute of limitations ran separately from each. We agreed, holding that each monthly deduction constituted a separate breach that added to the plaintiffs' harm and that the statute of limitations began to run separately from the time of each breach. Accordingly, we held that the claims based on the withholdings of contributions that occurred within six years of the bringing of the action were not barred.

Where, as here, there are no material facts in dispute, the question on summary judgment is whether the moving party is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978). We agree with plaintiff that the rationale of *Alderson v. State of Oregon, supra,* is applicable. Plaintiff's theory is that each annual decision not to promote him was a separate breach. The undisputed evidence in the record supports that theory. As in *Alderson*, the statute of limitations began to run separately from each alleged breach, and claims based on conduct subsequent to June 3, 1985, are within the six-year period of limitations. The trial court erred in granting summary judgment to defendant based on the statute of limitations.

Reversed and remanded.